THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
ALFRED LOTT, Defendant-Appellant.
First District (1st Division)   No. 1—87—3381

Opinion filed April 16, 1990.—Rehearing denied April 3, 1990.

Randolph N. Stone, Public Defender, of Chicago (Greg Koster and Aaron Meyers, Assistant Public Defenders, of counsel), for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Inge Fryklund and Kenneth T. McCurry, Assistant State's Attorneys, of counsel), for the People.

JUSTICE O'CONNOR delivered the opinion of the court:

Following a jury trial, defendant was convicted of unlawful use of firearms by a felon and sentenced to five years' imprisonment. (Ill. Rev. Stat. 1987, ch. 38, par. 24—1.1.) On appeal, defendant contends that he established a *prima facie* case of racial discrimination in selection of the jury by showing the prosecutor used three peremptory challenges to exclude black citizens from the jury and the cause should, therefore, be remanded for a hearing pursuant to *Batson v. Kentucky* (1986), 476 U.S. 79, 90 L. Ed. 2d 69, 106 S. Ct. 1712.

Chicago police officer Paul Dumas testified that at 3 p.m. on Feb-

ruary 23, 1987, a person approached him and his partner, Officer Irving Betts, in their police car and stated that there was a black man with a gun sitting in a green automobile at 3712 South Wabash about two blocks away. He proceeded to 3712 Wabash, where he saw defendant seated in a green automobile. After defendant exited the vehicle, the officer conducted a pat-down search and found a loaded .38 caliber revolver. Officer Betts corroborated Officer Dumas' testimony.

Defendant testified that he was in his parked car when two officers told him to get out. Officer Dumas searched him and found a $20 bag of marijuana and arrested him and took him to the police station. Defendant denied that the .38 caliber revolver was found in his pocket and stated he first saw the revolver at the police station. He was initially booked for marijuana, then Officer Betts told Officer Dumas he had "missed the gun."

Fred Brown testified that he lived at 3712 South Wabash and observed the police arrest defendant from his second-floor window. He saw an officer take a small bag of marijuana from defendant's shirt pocket, then went downstairs and spoke with the police officers. The officer who was searching defendant told him that defendant had been caught with narcotics. He did not see a weapon, nor did the police mention a weapon.

Thelma Horn testified that she was with Fred Brown looking out the window and saw an officer search defendant and take a little brown bag from his pocket. She did not see police recover a gun from defendant.

It was stipulated that defendant had been convicted of voluntary manslaughter and armed robbery in 1974, and of violation of bail bond on October 17, 1984.

■■ ■ Defendant contends that the State exercised peremptory challenges to exclude three black jurors and this raises an inference that he was deprived of his rights under the equal protection clause of the fourteenth amendment of the United States Constitution and article I, sections 2 and 13, of the Illinois Constitution, which prohibit the exclusion by peremptory challenge of prospective jurors by the prosecution solely on account of their race. (*Batson v. Kentucky*, 476 U.S. at 89, 90 L. Ed. 2d at 83, 106 S. Ct. at 1719.) In *Batson*, the Court set forth the standards for assessing a *prima facie* case of purposeful discrimination in selection of the petit jury solely on evidence concerning the prosecutor's exercise of peremptory challenges at the defendant's trial. The Court said:

"To establish such a case, the defendant must first show that

he is a member of a cognizable racial group [citation] and that the prosecutor has exercised peremptory challenges to remove from the venire members of the defendant's race. Second, the defendant is entitled to rely on the fact, as to which there can be no dispute, that peremptory challenges constitute a jury selection practice that permits 'those to discriminate who are of a mind to discriminate.' [Citation.] Finally, the defendant must show that these facts and any other relevant circumstances raise an inference that the prosecutor used that practice to exclude the veniremen from the petit jury on account of their race. This combination of factors in the empaneling of the petit jury, as in the selection of the venire, raises the necessary inference of purposeful discrimination.

In deciding whether the defendant has made the requisite showing, the trial court should consider all relevant circumstances. For example, a 'pattern' of strikes against black jurors included in the particular venire might give rise to an inference of discrimination. Similarly, the prosecutor's questions and statements during *voir dire* examination and in exercising his challenges may support or refute an inference of discriminatory purpose." 476 U.S. at 96-97, 90 L. Ed. 2d at 87-88, 106 S. Ct. at 1723.

If the defendant makes this *prima facie* showing, then the burden shifts to the State to come forward with a neutral explanation for challenging black jurors. (476 U.S. at 97, 90 L. Ed 2d at 88, 106 S. Ct. at 1723.) Defendant maintains that he has established a *prima facie* case on this record and the court should remand the cause to the trial court for a *Batson* hearing. Alternatively, he contends the case should be remanded to afford him the opportunity to make a *prima facie* case in the trial court. *People v. Hooper* (1987), 118 Ill. 2d 244, 506 N.E.2d 1305; *People v. Colley* (1988), 173 Ill. App. 3d 798, 808, 528 N.E.2d 223.

Initially, we must consider the State's arguments that defendant has waived any *Batson* claim. The State argues that an issue is waived for purposes of appeal unless there is a contemporaneous trial objection and the issue is raised in a written post-trial motion. (*People v. Enoch* (1988), 122 Ill. 2d 176, 186, 522 N.E.2d 1124.) The State further contends that the single reference to the issue set out below did not constitute an objection and was not timely. After the jurors were sworn and excused, the following proceedings took place outside the presence of the jury, but before any testimony was taken:

"DEFENSE COUNSEL: I want to make it a point of record

that all of the jurors that were excluded by the State were black.

THE COURT: I did not see any systematic exclusion. I don't know how many there are.

DEFENSE COUNSEL: I'm just putting it on the record, Judge. I think there are three black jurors now.

ASSISTANT STATE'S ATTORNEY: Judge, for the record— we would say nothing for the record.

DEFENSE COUNSEL: I just want to make it of record, Judge.

THE COURT: I won't even go into hearing for it because I don't think there's any systematic exclusion."

The State also points out that defendant's post-trial motion did not refer to the *Batson* issue, nor was it mentioned during the hearing on the post-trial motion. The State further points out that defendant did not preserve for the record the respective races of the venire and the jurors, making it impossible for a reviewing court to make an accurate comparison between the jurors seated and those excluded and to determine if those excluded were excluded based on race.

■■ ■ We consider defense counsel's comments at the proceedings quoted above may fairly be read to constitute an objection to the jury selection procedures based on race, especially since the court indicated a hearing was not necessary and referred to the issue of "systematic exclusion," a standard in use prior to *Batson*. (See *People v. Mims* (1981), 103 Ill. App. 3d 673, 676-77, 431 N.E.2d 1126.) However, the objection was not timely. *Batson* requires that defendant make a timely objection to the prosecutor's peremptory challenge, and an objection occurring after the jury is sworn cannot be considered timely. (*People v. Evans* (1988), 125 Ill. 2d 50, 61-62, 530 N.E.2d 1360.) However, the waiver principle has also been applied to the State, and in this case it is clear that the State made no objection to the timeliness of defendant's objection.

In *People v. Harris* (1989), 129 Ill. 2d 123, 171, 544 N.E.2d 357, the State did not raise the issue of the timeliness of defendant's objection when defendant initially filed a pretrial motion for a mistrial, or in its initial briefs in the supreme court or at the *Batson* hearing conducted subsequently. The State then filed a supplemental brief raising the issue upon review of the *Batson* hearing. The supreme court found that the State had waived its objection under such circumstances. The supreme court also applied the waiver principle against the State in *People v. Andrews* (1989), 132 Ill. 2d 451, 458, 548 N.E.2d 1025. There, the State also did not object to the timeliness of

defendant's pretrial motion for mistrial based on the State's use of peremptory challenges.

■ To preserve its timeliness objection, the State here should have raised that objection at the time of defendant's objection. The State has therefore waived its right to object to the timeliness of defendant's objection.

The court in *Harris* also found the State had waived its argument pertaining to defendant's failure to include the issue of the jury's composition in its post-trial motion for a new trial because the State did not raise the issue until its supplemental brief. (*Harris*, 129 Ill. 2d at 171.) The State has raised the issue in its brief here that defendant has not complied with the requirement of *People v. Enoch* because of his failure to raise this issue in his post-trial motion, and we may consider the issue waived. (But see *People v. Whaley* (1989), 184 Ill. App. 3d 459, 464-65, 540 N.E.2d 421 (*Batson* claim not raised in post-trial motion is preserved for review if timely objection is made).) We may consider, however, if plain error was committed under the ruling in *People v. Enoch* (1988), 122 Ill. 2d 176, 198-99, 522 N.E.2d 1124.

Defendant has established the first *Batson* requirement, that he is a member of a cognizable racial group and that the prosecutor has exercised peremptory challenges to remove from the venire members of his race. Defendant is black, and he stated through counsel in the trial court that the State had exercised peremptory challenges against three black jurors. In his reply brief, defendant volunteers that all the witnesses at trial were also black. Thus, this was not an interracial crime. See *People v. Evans*, 125 Ill. 2d at 65-66.

■ In light of the Supreme Court's instructions in *Batson*, our supreme court has repeatedly emphasized that in determining whether a *prima facie* case of discrimination exists, a court must avoid arbitrarily deciding this delicate question solely from the number of blacks peremptorily challenged. (*People v. Holman* (1989), 132 Ill. 2d 128, 172, 547 N.E.2d 124.) And Justice White, in his concurring opinion in *Batson*, stated: "The Court emphasizes that using peremptory challenges to strike blacks does not end the inquiry; it is not unconstitutional, without more, to strike one or more blacks from the jury." 476 U.S. at 101, 90 L. Ed. 2d at 91, 106 S. Ct. at 1726 (White, J., concurring).

Although the record contains a report of the proceedings of the selection of the jury, we can find no evidence in the record of the race of any of the veniremen or of the racial composition of the jury ultimately selected. Defense counsel's statement "I think there are three black jurors now" appears to refer to the three black jurors peremp-

torily challenged not to the number of blacks seated on the jury. In *People v. Partee* (1987), 157 Ill. App. 3d 231, 268, 511 N.E.2d 1165, where the record did not reflect the final racial composition of the jury, the race of the venire, or the race of the eight veniremen excused by the prosecutor, the court held that defendant could not make an affirmative *Batson* showing on the appellate record and the issue should be considered waived.

In *People v. Johnson* (1986), 150 Ill. App. 3d 1075, 1085, 502 N.E.2d 304, where eight prospective and nine alternate jurors were peremptorily challenged by the State, the court noted that the only indication of the race of any of the prospective jurors came from defense counsel's statement after *voir dire*, when he moved for a mistrial, and the record indicated neither the race of the prospective jurors excused by peremptory challenges nor the racial identities of the seated jurors. The court found the record was inadequate and the issue must be considered waived.

■ The record here likewise indicates no information concerning the race of the venire, or even of the jurors chosen or peremptorily challenged by the State, apart from counsel's remarks. A defense attorney's statements concerning the race of excluded venire members at a *Batson prima facie* hearing may be considered. (*People v. Andrews*, 132 Ill. 2d at 460-61.) But the appellate record is otherwise inadequate to determine the issue. That the State peremptorily challenged three prospective black jurors has established only the initial element in a *prima facie* case, and, as stated in *People v. Holman*, a court should not arbitrarily decide this issue solely from the number of blacks peremptorily challenged.

In *Batson*, the court said that defendant must show that the exercise of peremptory challenges to remove veniremen of his race "and any other relevant circumstances raise an inference that the prosecutor used that practice to exclude the veniremen *** on account of their race." (*Batson*, 476 U.S. at 96, 90 L. Ed. 2d at 87-88, 106 S. Ct. at 1723.) Defendant has established only that he is black and that three black jurors were peremptorily challenged. Under *Batson*, this is not enough, since it is "the combination of factors in the empaneling of the petit jury" which "raises the necessary inference of purposeful discrimination." (476 U.S. at 96, 90 L. Ed. 2d at 88, 106 S. Ct. at 1723; see also *People v. Evans*, 125 Ill. 2d at 63-66.) Defendant has not established a *prima facie* case.

■ Defendant also asks that his case be remanded to allow him to make a *prima facie* showing citing *People v. Hooper* (118 Ill. 2d 244, 506 N.E.2d 1305) and *People v. Colley* (173 Ill. App. 3d at 807).

In *Hooper* the court exercised its supervisory authority to remand for an expedited *Batson* hearing. Justice Ryan's special concurrence stressed that the cases there were tried before *Batson*, unlike this case, which was tried 17 months after *Batson*. In *People v. Colley*, a case tried only four weeks after *Batson*, the appellate court found defendant had alleged the necessary factors to show *prima facie* discrimination under *Batson* and remanded the case "in the interest of justice." (*Colley*, 173 Ill. App. 3d at 807-08.) These cases do not require a remand where defendant has not made a *prima facie* showing of purposeful discrimination.

The judgment of the circuit court of Cook County is affirmed.

Affirmed.

BUCKLEY, P.J., and CAMPBELL, J., concur.